IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAC COURTE OREILLES BAND OF LAKE
SUPERIOR CHIPPEWA INDIANS,

                Plaintiff,

   v.

MCKESSON CORPORATION,
CARDINAL HEALTH, INC.,
AMERISOURCEBERGEN CORPORATION,
CVS HEALTH CORPORATION,
WALGREENS BOOTS ALLIANCE, INC.,
WALMART INC., PURDUE PHARMA, INC.,
THE PURDUE FREDERICK COMPANY, INC.,
TEVA PHARMACEUTICAL INDUSTRIES, LTD.,    OPINION & ORDER
TEVA PHARMACEUTICALS USA, INC.,
CEPHALON, INC., JOHNSON & JOHNSON,         18-cv-286-jdp
JANSSEN PHARMACEUTICALS, INC.,
ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC., JANSSEN
PHARMACEUTICA INC.,
ENDO HEALTH SOLUTIONS, INC.,
ALLERGAN PLC, WATSON
PHARMACEUTICALS, INC., WATSON
LABORATORIES, INC.,
ACTAVIS LLC, ACTAVIS PHARMA, INC.,
MALLINCKRODT, PLC, and JOHN DOES (1–
100),

                Defendants.

---

Plaintiff the Lac Courte Oreilles Band of Lake Superior Chippewa Indians filed this case in state court against defendants, manufacturers and distributors of opioid medications, alleging violations of Wisconsin statutory and common law as a result of a conspiracy to cause

national opioid addiction. Dkt. 1-1. Defendant McKesson Corporation removed the case to this court under the federal officer statute, 28 U.S.C. § 1442(a)(1). Dkt. 1.

It appears that this court is just a pit stop: McKesson hopes to have the case transferred to the Northern District of Ohio for multidistrict litigation. *See In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. filed Sept. 25, 2017). The Judicial Panel on Multidistrict Litigation (JPML) issued a conditional transfer order, but the transfer is stayed pending briefing on Lac Courte Oreilles's motion to vacate the conditional transfer order. *See* MDL No. 2804, Dkt. 1317 (Apr. 27, 2018). Meanwhile, in this court, Lac Courte Oreilles has filed a motion to remand the case to the Circuit Court for Sawyer County. Dkt. 15. McKesson has moved to stay consideration of the remand motion pending the MDL transfer. Dkt. 18. The court will grant McKesson's motion to stay litigation.

ANALYSIS

District courts within the Seventh Circuit use the following three-question analysis when they "must decide both a motion to remand and a motion to stay proceedings pending a possible MDL transfer." *Wisconsin v. Abbott Labs.*, No. 04-cv-447, 2004 WL 2055717, at *1 (W.D. Wis. Sept. 9, 2004).

> 1. Does a preliminary assessment of the jurisdictional issue suggest that removal was improper? If it does, deny the motion to stay and consider the motion to remand.
>
> 2. Have similar jurisdictional issues been raised in other cases that have been or may be transferred to the MDL proceeding? If not, deny the motion to stay and consider the motion to remand.
>
> 3. Do the traditional factors considered when deciding a motion to stay weigh in favor of a stay? If not, deny the motion to stay and consider the motion to remand.

"Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to the third step and consider the motion to stay." *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048 (E.D. Wis. 2001).

Here, a preliminary assessment of the jurisdictional issue suggests that the jurisdictional issue is legally and factually difficult—three of the four requirements for federal-officer removal are in dispute and revolve around the 105-page "pharmaceutical prime vendor contract," Dkt. 17-1, between McKesson and several federal agencies. *See Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 589–90 (7th Cir. 2016) (listing the four requirements for federal-officer removal). McKesson has removed, and attempted to transfer to the MDL proceeding, several other cases under the federal officer statute. *See* Dkt. 18, at 9–10 & n.4 (collecting cases). So it's likely that the Northern District of Ohio will consider the same jurisdictional issue.

So the court will consider the traditional stay factors: "(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Meyers*, 143 F. Supp. 2d at 1049. Here, the interests of judicial economy weigh heavily in favor of a stay. The JPML has already determined that centralization of opioid litigation is appropriate because of the common questions of fact and that transfer should not be delayed pending rulings on remand motions. *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378–79 (J.P.M.L. 2017). McKesson represents that similar federal-officer-removal issues appear in more than 10 other opioid-related cases in which it is a defendant—all of which are likely to be transferred to the MDL proceedings. And the same jurisdictional issue forms the basis of Lac Courte Oreilles's motion to vacate the conditional transfer order. *See* MDL No. 2804, Dkt. 1463 (May 11, 2018). It's a close call

whether federal-officer removal is proper in these cases. Were this court to deny the remand motion, the possibility of inconsistent rulings would be great.

The court is mindful of the prejudice to Lac Courte Oreilles from a stay: it must wait until July, at the earliest, for a ruling from the JPML on its motion to vacate the conditional transfer order, and if that motion is denied, it must wait even longer for a ruling from the Northern District of Ohio. But were this court to deny the motion to stay and the remand motion (a likely scenario, based on the court's preliminary assessment), the result would be the same. Staying the proceedings so that one court can issue one ruling on a difficult issue appears to be the best option for all involved. So the court will grant McKesson's motion and stay the case pending the JPML's decision on Lac Courte Oreilles's motion to vacate the conditional transfer order.

ORDER

IT IS ORDERED that:

1. Defendant McKesson Corporation's motion to stay, Dkt. 18, is GRANTED.

2. Litigation is STAYED pending the JPML's decision on Lac Courte Oreilles's motion to vacate the conditional transfer order.

3. The parties must notify this court within three days of the JPML's decision on the motion to vacate the conditional transfer order.

Entered May 25, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge